IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARK P. RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08-3161 |
| | ) | |
| JESSE WHITE, SECRETARY OF STATE FOR THE STATE OF ILLINOIS, et al., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on a Motion to Dismiss (d/e 10) filed by Defendants Jesse White, Donna Mulchay Fitts, and Stephan J. Roth. Plaintiff Mark Rodgers filed a three-count Complaint (d/e 1) against Defendants White, Fitts, and Roth, alleging violations of 42 U.S.C. §§ 1981 (Count I), 1983 (Count II), and 2000e (Count III).  Defendants seek to dismiss the Complaint, in part.  For the reasons set forth below, the Motion to Dismiss is allowed.  Plaintiff's official capacity claims in Counts I and II are dismissed, as are his claims against Defendants Fitts and Roth in Count III.

Defendants have filed a partial Answer (d/e 9) and ask the Court to dismiss only certain claims. Defendants seek dismissal of the official capacity claims in Counts I and II pursuant to Federal Rule of Civil Procedure 12(b)(1) as barred by Eleventh Amendment sovereign immunity. Defendants also ask the Court to dismiss the claims alleged against Fitts and Roth in Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) because Fitts and Roth are not employers within the meaning of 42 U.S.C. § 2000e (Title VII). Plaintiff filed a Response to Motion to Dismiss (d/e 15) in which he "concedes the Motion to Dismiss, but requests leave to amend his Complaint within twenty-one (21) days of the Dismissal."

The Court turns first to Counts I and II. Plaintiff's Complaint seeks only monetary damages. It is well-established that Defendants cannot be sued in their official capacities for damages under 42 U.S.C. §§ 1981 or 1983. See Hearne v. Board of Educ. of City of Chicago, 185 F.3d 770, 776 (7th Cir. 1999) (citing cases). Thus, Defendants' request to dismiss the official capacity claims in Counts I and II is allowed. Although it is not clear from the face of the Complaint, Defendants assert that Plaintiff alleges only official capacity claims against Defendant White in Counts I and II. Plaintiff does not challenge this characterization in his Response. Therefore,

2

the claims in Counts I and II against Defendant White are dismissed in their entirety. Individual capacity claims alleged against Defendants Fitts and Roth in Counts I and II remain.

Defendants also ask the Court to dismiss the claims alleged against Fitts and Roth in Count III. Count III alleges violation of Title VII. It is "well established in this [Circuit] that 'a supervisor does not, in his individual capacity, fall within Title VII's definition of employer.'" Sattar v. Motorola, Inc., 138 F.3d 1164, 1168 (7th Cir. 1998) (quoting Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995)). Thus, Plaintiff's Title VII claims alleged in Count III against Defendants Fitts and Roth are dismissed.

Plaintiff requests leave to file an amended complaint within twenty-one days of the dismissal. As set forth above, however, the Motion to Dismiss does not involve all of Plaintiff's claims and thus the Complaint itself is not being dismissed at this point. If Plaintiff wishes to replead, he should file a motion for leave to amend pursuant to Federal Rule of Civil Procedure 15 and should attach his proposed amended complaint to the motion for the Court's consideration.

THEREFORE, the Motion to Dismiss (d/e 10) filed by Defendants Jesse White, Donna Mulchay Fitts, and Stephan J. Roth is ALLOWED.

3

The official capacity claims against all three Defendants alleged in Counts I and II are dismissed; the individual capacity claims against Defendants Fitts and Roth alleged in Counts I and II remain. Rodgers' claims against Defendants Fitts and Roth in Count III are dismissed; an official capacity claim against Defendant White remains under Count III. The matter is referred to Magistrate Judge Cudmore for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:   December 3, 2008

    FOR THE COURT:

                                  s/ Jeanne E. Scott
                                  JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE