E-FILED
Tuesday, 26 June, 2012 08:55:32 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| MARK P. RODGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3161 |
| | ) | |
| JESSE WHITE, in his official capacity, | ) | |
| DONNA MULCAHY FITTS, and | ) | |
| STEPHAN ROTH, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on the Motion in Limine (d/e 84) filed by Defendants Jesse White, Donna Mulcahy Fitts, and Stephan Roth. In the Motion, Defendants seek to bar Plaintiff from introducing the Arbitrator's Opinion and Award into evidence and to limit any related testimony and/or argument at trial. For the reasons that follow, the Motion in Limine is DENIED.

I. THE MOTION IN LIMINE

Defendants object to the introduction at trial of the Arbitrator's

Opinion and Award and any testimony about the arbitration with the exception of the following: (1) that the parties arbitrated Plaintiff's discharge; (2) different legal standards applied to the arbitration than are applied in this case; (3) the Arbitrator found sufficient evidence regarding the time-keeping issues but not the aerator incident and OIG investigation; (4) the Arbitrator did not find that Defendants discriminated against Plaintiff based on his race; and (5) Plaintiff was reinstated with full back pay and benefits. Defendants also object to any argument by Plaintiff that the Arbitrator's Opinion and Award establishes that: (1) Defendants discriminated against Plaintiff based on his race; (2) Defendants did not honestly believe the charges against Plaintiff; (3) any of the witnesses are not credible; or (4) there is no evidence that Plaintiff engaged in the charged misconduct.

 Defendants agree that while the basic facts regarding the existence of the Arbitrator's Opinion and Award may explain to the jury why Plaintiff was reinstated and why he is not entitled to back pay and benefits, the Arbitrator's Opinion and Award is not relevant to any

material issues of fact in the case.

     First, Defendants argue that because the Arbitrator did not give full consideration to or decide Plaintiff's race discrimination claims, the Arbitrator's Opinion and Award does not tend to prove the material facts at issue in the lawsuit.  Second, Defendants assert that the Arbitrator did not find that any of the Defendants did not honestly believe the charges offered in support of Plaintiff's discharge.  Third, Defendants assert that the burden of proof in this lawsuit (Plaintiff must establish by a preponderance of the evidence that he was discharged because of his race) is different than the burden of proof before the Arbitrator (the Secretary of State was required to establish, by clear and convincing evidence, that Plaintiff engaged in the charged misconduct and that the misconduct constituted just cause for discharge)

     Defendants also assert that, even if relevant, the Arbitrator's Opinion and Award should not be admitted because any purported probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.  Specifically,

Defendants assert that: (1) any argument by Plaintiff that the Arbitrator's Opinion and Award is evidence of race discrimination would be misleading because the Arbitrator made no such finding; (2) the jury may confuse the Arbitrator's analysis of why he believed the Secretary of State did not meet its burden with the issue of whether Plaintiff can meet his burden; and (3) the Arbitrator's opinions regarding witness credibility and the weight of the evidence could have a prejudicial impact on the jury's own views of witness credibility and the weight of the evidence. Finally, Defendants assert that the Arbitrator's Opinion and Award contains inadmissible hearsay.

Plaintiff responds that while the entire Arbitrator's Opinion and Award may not aid the jury in determining the issues, the following evidentiary findings in the Arbitrator's Opinion and Award should be allowed: (1) the relevant evidence introduced at the arbitration surrounding Plaintiff's involvement with the aerator and the Arbitrator's findings based on that evidence; (2) the Arbitrator's findings that Rusciolelli was Plaintiff's supervisor, that Rusciolelli instructed Plaintiff

to keep the overtime records in a certain manner, and Rusciolelli performed the same duties, but was not discharged; (3) information or evidence in the Arbitrator's decision that supports the proposition that Plaintiff was treated differently from similarly situated non-African-American workers; and (4) the Arbitrator's findings after examination of the contents of the OIG reports, which, according to Plaintiff, would show that Defendants' argument that they reasonably relied on the OIG reports was merely pretext.

Plaintiff further argues that the Arbitrator's Opinion and Award should be admissible for purposes of impeachment and, if Defendants admit any portion of the Arbitrator's Opinion and Award, Plaintiff should be allowed to introduce any other part of the award which in fairness should be considered by the jury. See Fed.R.Evid. 106.

## II.  ANALYSIS

Whether to admit the Arbitrator's Opinion and Award is a decision within this Court's discretion. Perry v. Larson, 794 F.2d 279, 284 (7th Cir. 1986). Factors to be considered before admitted such evidence

include: (1) "the existence of provisions in the collective-bargaining agreement that conform substantially with Title VII"; (2) "the degree of procedural fairness in the arbitral forum; (3) adequacy of the record with respect to the issue of discrimination"; and (4) "the special competence of particular arbitrators." <u>Alexander v. Garner-Denver Co.</u>, 415 U.S. 36, 60 n. 21 (1974) (noting that an arbitration decision "may be admitted as evidence and accorded such weight as the court deems appropriate").

The Court agrees that the Arbitrator's Opinion and Award may not be relevant and admissible in its entirety. For instance, the Arbitrator made no findings regarding race discrimination. <u>See</u> <u>Perry</u>, 794 F.2d at 284 (finding that the district court did not abuse its discretion by refusing to admit references to the arbitration hearing where the "issue of political motivation was not sufficiently explored during the arbitration proceeding" and, therefore, the proceeding "was not credible evidence on the motivation issue"); <u>Jackson v. Bunge Corp.</u>, 40 F.3d 239, 246 (7th Cir. 1994) (finding that the district court did not abuse its discretion by refusing to admit evidence of the arbitrator's decision at trial where the

arbitrator admittedly relied on evidence that was "arguably inadmissible hearsay" and where the arbitrator "never addressed the issue of whether [the defendant] had a retaliatory motive in discharging the plaintiff, but instead focused on whether [the plaintiff] was properly terminated pursuant to the collective bargaining agreement"). However, this Court also agrees with Plaintiff that the Arbitrator's Opinion and Award may be admissible regarding: (1) the evidence introduced at the arbitration surrounding Plaintiff's involvement with the aerator and the Arbitrator's findings based on that evidence; (2) the Arbitrator's findings that Rusciolelli was Plaintiff's supervisor, Rusciolelli instructed Plaintiff to keep the overtime records in a certain manner, and Rusciolelli performed the same duties but was not discharged; (3) information or evidence in the Arbitrator's Opinion and Award that supports the proposition that Plaintiff was treated differently from similarly situated non-African-American workers; and (4) the Arbitrator's findings after examination of the contents of the OIG reports, which, according to Plaintiff, would show that Defendants' "reasonable reliance on the OIG reports"

argument was merely pretext.  This Court further finds that the Arbitrator's Opinion and Award may be admissible for purposes of impeachment and Federal Rule of Evidence 106.

In addition, the Court finds the probative value of the Arbitrator's Opinion and Award, at least as to the issues identified herein, outweighs any potential prejudice.  An appropriate limiting instruction will further cure any potential prejudice.

### III.  CONCLUSION

For the reasons stated, Defendants' Motion in Limine [84] is DENIED.  Plaintiff shall submit a proposed limiting instruction on or before July 9, 2012.  The case remains set for a final pretrial conference on July 11, 2012 at 2:00 p.m.  As the parties have submitted a proposed Pretrial Order that contains only a couple of disputed jury instructions, the pretrial conference may be conducted by telephone if the parties so desire.  The parties shall inform the Court by July 9, 2012 whether they would like to conduct the final pretrial conference on July 11, 2012 in person or by telephone.

ENTER: June 25, 2012

FOR THE COURT:

                                                  s/Sue E. Myerscough
                                         SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE

ENTER: June 25, 2012

FOR THE COURT:

                                       s/Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE